MICHAEL H. HEWITT (State Bar No. 309691)
BRITTANY M. NOBLES (State Bar No. 343513)
ADRIANNA N. GARCIA (State Bar No. 353079)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

Attorneys for HP Inc. and
Hewlett-Packard Development Company, L.P.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HP INC., a Delaware corporation and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., a Texas limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>ELITE NIK ENTERPRISES, LLC, a California Limited Liability Company, ASHKAN MALLAKPOUR, an individual,<br><br>Defendants. | Case No. 8:26-cv-0612<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1. TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(a) and (b);**<br><br>**2. FEDERAL TRADEMARK DILUTION. 15 U.S.C. § 1125(c);**<br><br>**3. FEDERAL UNFAIR COMPETITION/FALSE ADVERTISING, 15 U.S.C. § 1125(a);**<br><br>**4. CALIFORNIA UNFAIR BUSINESS PRACTICES; CAL. BUS. & PROF. CODE § 17200 *et seq.*; and,**<br><br>**5. UNJUST ENRICHMENT; and**<br><br>**JURY DEMAND** |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Plaintiffs HP Inc. ("HP") and Hewlett-Packard Development Company, L.P. ("HPDC") (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants Elite Nik Enterprises, LLC, a California limited liability company, ("Elite Nik"), and Ashkan Mallakpour, an individual, (collectively, "Defendants"), complain and allege as follows:

## I. INTRODUCTION

1. Ashkan Mallakpour, who is the sole member of Elite Nik Enterprises LLC, and who sometimes does business as eBay seller "Partssionik" or "elitenik," has systematically, repeatedly, and, upon information and belief, knowingly sold counterfeit "HP"-branded battery products online, including through at least the online marketplace eBay.com ("eBay").  Plaintiffs' investigation has revealed that Defendants have sold no less than 4 counterfeit laptop battery products between October 2023 and January 2025 ("Infringing Products").  The Infringing Products were advertised as "genuine" "HP" products and bore HP word and design marks on the label.  The Infringing Products even displayed various safety certifications on the counterfeit label.  HP has reviewed each Infringing Product and has confirmed that each of the Infringing Products is counterfeit.  None of the Infringing Products were manufactured by, or at the direction of, HP, and each Infringing Product bears a non-genuine product label.

2. Counterfeit battery products pose significant risks to both brands and consumers.  These illegitimate goods are often manufactured with substandard components that fail to meet required safety and performance standards, which can result in overheating, fire hazards, device damage, and personal injury.  Their presence erodes consumer trust because purchasers reasonably assume they are receiving a genuine product backed by the brand's quality controls.  Defendants' sale and distribution to the public of the Infringing Products contributes to these risks to consumers in the marketplace and to the public at large.  Indeed, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, and the

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

National Intellectual Property Rights Coordination Center recently identified counterfeit lithium-ion laptop batteries as "[s]ome of the most dangerous counterfeit products," noting that they "pose significant risk of extreme heat, self-igniting, and exploding." *See Counterfeit Goods: A Danger to Public Safety*, U.S. Immigration and Customs Enforcement (Dec. 19, 2025), https://www.ice.gov/features/dangers-counterfeit-items (accessed on Dec. 10, 2025).

3.     Plaintiffs bring this action for payment of damages that arise from Defendants' unlawful and improper use of Plaintiffs' trademarks and intellectual property, and to obtain injunctive relief to stop Defendants from their unlawful and infringing conduct.

## II.     THE PARTIES

4.     HP Inc. is a Delaware corporation with its principal place of business and headquarters at 1501 Page Mill Road, Palo Alto, California 94304-1112.

5.     HPDC is, and at all times mentioned herein was, a Texas limited partnership with its principal place of business at 10300 Energy Drive, Spring, Texas 77389.  HPDC has an exclusive license to use, sub-license, and enforce the trademarks that are the subject of this lawsuit.

6.     Defendant Elite Nik Enterprises, LLC is a California limited liability company registered to do business in California.  Upon information and belief, HP alleges that Ashkan Mallakpour is the sole member and owner of Elite Nik Enterprises LLC.  Elite Nik's principal place of business is located at "69 Fuschia (sic), Lake Forest, CA 92630."  "Ashkan Nik" who is, upon information and belief, Ashkan Mallakpour, is also listed as Elite Nik's registered agent with the California Secretary of State, with an address of 40 Tall Cedars, Irvine, CA 92620.

7.     Ashkan Mallakpour, aka Ashkan Nik, exercises pervasive control over Elite Nik, and is therefore personally liable for Elite Nik's trademark infringement. As the sole and only operating member of the LLC, Ashkan Mallakpour directs Elite Nik's day-to-day operations, controls its finances and distribution channels, and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

makes decisions governing the sourcing, listing, and sale of its products, including the Infringing Products.  Ashkan Mallakpour also personally benefits directly from the unlawful conduct by overseeing and profiting from Elite Nik's online sales via its storefronts, including eBay sellers "Partssionik" and "elitenik."  Because the infringement occurred under Ashkan Mallakpour's active supervision and was carried out at their direction and for their financial gain, Elite Nik acted as Ashkan Mallakpour's alter ego.  Ashkan Mallakpour is therefore personally liable for the infringing conduct stemming from the Infringing Products, if sold by Elite Nik.

8.    In the alternative, Ashkan Mallakpour is personally liable for direct trademark infringement because he conducted the infringing sales while doing business as eBay sellers "Partssionik" and "elitenik," regardless of whether those operations were formally organized under Elite Nik.  Upon information and belief, Ashkan Mallakpour created, managed, and controlled the Partssionik and elitenik storefronts and personally participated in the sourcing, marketing, and sale of the Infringing Goods.  Even if Elite Nik did not formally operate the Partssionik or elitenik stores, Ashkan Mallakpour's personal direction and participation in, as well as control over, the infringing activities renders them individually liable for trademark infringement.

9.    Plaintiffs are informed and believe, and on that basis alleges, that Defendants Elite Nik Enterprises LLC, Ashkan Mallakpour, and Does 1-9, inclusive, and each of them, were the agents, partners, joint venturers, servants, and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, partnership, joint venture, service or employment.

## III.    JURISDICTION AND VENUE

10.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

arises under the laws of the United States, and because it involves allegations regarding federal trademark violations.

11.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for all claims in this Complaint that are based upon state law because those claims arise from the same controversy as the claims being made under federal statute.

12.    This Court has personal jurisdiction over Defendants because the events and acts complained of arise out of and relate to Defendants' marketing and sale of counterfeit HP products in the Central District of California.  Defendants are based in this district, according to the latest California Secretary of State documents, reside in this district, and did business from this district.  Defendants also coordinated the listings from this district, and, upon information and belief, shipped products to customers in this district.  Defendants shipped the Infringing Products to San Francisco, California.

## IV.    FACTUAL ALLEGATIONS

### A.    HP And the HP Marks

13.    Hewlett-Packard Company ("HPQ") was founded in 1939 by engineers David Packard and Bill Hewlett, who started their business by designing and building electronic test equipment from a garage in Palo Alto, California.  HPQ became an innovator in its field, developing technologies and inventing new products, growing to become one of the world's largest information technology companies.  HPQ specialized in developing and manufacturing personal computers and printers, as well as enterprise hardware products and services, including support services and enterprise software.  On November 1, 2015, HPQ split into Hewlett Packard Enterprise Company ("HPE") (specializing in the manufacture of enterprise IT hardware, as well as the creation and distribution of enterprise software, support, and financing services) and HP Inc. (specializing in the manufacture of personal

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

computing and other access devices including rooms solutions, imaging and printing products, and related technologies, accessories, solutions and services).

14.    HP has invested substantial effort and resources to develop and promote public recognition of the "HP"-related marks.  These trademarks are owned by HP Hewlett Packard Group LLC ("TM JV"), which has conveyed an exclusive license to use and enforce the HP house mark and HP logos (collectively, the "HP Marks") to HPDC.  HPDC has, in turn, sublicensed the right to use the HP Marks to HP.  HP used the HP Marks to identify goods and services as being genuine products, and the HP Marks are well-recognized signifiers of HP's high-quality products and services.

15.    Plaintiffs have caused several trademarks to be registered on the Principal Register of the U.S. Patent and Trademark Office ("USPTO") in connection with a range of computers, computer hardware, computer software, computer peripherals, and parts for the foregoing.  TM JV owns all rights, title, and interest in numerous federal trademark registrations.  The registered trademarks at issue here include, but are not limited to, the following HP Marks:

| Mark | Registration Number | Registration Date |
|---|---|---|
| HP | 3,412,631 | April 15, 2008 |
| | 4,272,548 | January 8, 2013 |

16.    The HP Marks are distinctive source identifiers, and in the course of use in business operations for over 85 years and in advertising and distinguishing authorized products and services through a wide variety of media including television, radio, video, newspapers, magazines, billboards, direct mail, and websites across the country, the HP Marks have become well known.

17.    Also, as a result of HP's extensive advertising and promotional efforts and the continuous use of the HP Marks for over 85 years, the marks have attained one of the highest levels of brand recognition.  As a result of the longstanding and widespread use and promotion of the HP Marks, HP's customers worldwide have come to rely upon the HP Marks to identify high-quality goods and services.  Accordingly, the HP Marks have significant economic value to HP because its customers rely upon them when deciding to purchase HP-branded products.

18.    Counterfeit "HP" products harm HP's reputation for quality because they do not conform with or to HP's design, specifications, production standards or quality control, and thus lack reliability.  Counterfeit "HP" products that bear markings similar to, or substantially indistinguishable from, the HP Marks provide customers with a false assurance that the products they have purchased are reliable and conform with HP's high standards and that they are eligible for certain warranties.

19.    Counterfeit products, particularly counterfeit lithium-ion battery products, also pose serious health and safety risks to consumers.  A battery failure typically occurs as a thermal event which may include smoke, fire, melting, and, on occasion, explosion.  Counterfeit batteries may lack key design safety features (relative to HP products), making them more susceptible to the above-mentioned cascading thermal events, and they may pose considerable safety risks for consumers.  Those types of events frequently result in personal injury and/or property damage, presenting a substantial hazard to consumers, as well as substantial reputational harm to HP if and when such events occur.

**B.    Defendants' Sales of Counterfeit HP Products**

20.    <u>October 2023 Test Buy from Defendant "Partssionik."</u>  On October 18, 2023, Plaintiffs purchased an HP battery offered for sale by Defendants via the eBay storefront "Partssionik," which Defendants described as a "***HP*** ProBook 450 G6 15.6" ***Genuine*** Battery 11.55V 45Wh 3750mAh RE03XL L32656-005" under eBay

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Item No. 325487858461.  The product was listed for $38.70, and the listing identified the condition of the battery as "New."

21.  Plaintiff analyzed the product received from the October 2023 Partssionik purchase and determined that the product was not manufactured by HP, or under its direction, authority, or control.  The product displayed a false label that bore a counterfeit reproduction of an HP mark that is identical to, or nearly indistinguishable from, the HP Marks that are registered with the USPTO.

22.  October 2023 Test Buy from Defendant "elitenik."  On October 18, 2023, Plaintiffs also purchased an HP battery offered for sale on Defendants' "elitenik" eBay storefront, which Defendants described as a "HP 17-BY 17T-BY400 17Z-CA100 17Z-CA200 17Z-CA300 17-BY0001CY Laptop OEM Battery" under eBay Item No. 204198676144.  The product was offered for $59.95, and the listing described the condition as "New."  The product was delivered in packaging that had a return label address of "Elite nik, 40 Tall Cedars, Irvine, CA, 92620."

23.  Plaintiff analyzed the product received from the October 2023 elitenik purchase and determined that the product was not manufactured by HP, or under its direction, authority, or control.  The product displayed a false label that bore a counterfeit reproduction of an HP mark that is identical to, or nearly indistinguishable from, the HP Marks that are registered with the USPTO.

24.  December 2024 Test Buy from Defendant "Partssionik."  On December 9, 2024, Plaintiffs purchased another product from Defendants' "Partssionik" eBay storefront, which Defendants described as a "HP 17T-BY400 17Z-CA100 17Z-CA200 17Z-CA30017-BY 17-BY0001CY Laptop OEM Battery" under eBay Item No. 326339882981.  The product was offered for $45.99, and the listing described the condition as "New."  The product was delivered in packaging that had a return label address of "Elite Nik Enterprises LLC, 40 Tall Cedars, Irvine, CA 92620."

25.  Plaintiff analyzed the product received from the December 2024 Partssionik purchase and determined that the product was not manufactured by HP,

6070-29\7706678

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

or under its direction, authority, or control.  The product displayed a false label that bore a counterfeit reproduction of an HP mark that is identical to, or nearly indistinguishable from, the HP Marks that are registered with the USPTO.

26. January 2025 Test Buy from Defendant "Partssionik."  On January 10, 2025, Plaintiffs purchased a third product from Defendants' Partssionik eBay storefront, which Defendants described as a "Genuine HP 14M-CD 14m-cd0001dx 14m-cd0003dx 14m-cd0005dx Laptop Battery TF03XL" under eBay Item No. 325432343751.  The listing offered the product for $55.99 and described the condition as "New."  The product was delivered in packaging with a return label address of "Elite Nik Enterprises LLC, 40 Tall Cedars, Irvine, CA 92620-3669."

27. Plaintiff analyzed the product received from the January 2025 Partssionik purchase and determined that the product was not manufactured by HP, or under its direction, authority, or control.  The product had a false label that bore a counterfeit reproduction of an HP mark that is identical to, or nearly indistinguishable from, the HP Marks that are registered with the USPTO.

## C. Defendants' Sales of Counterfeit HP Batteries Was Willful and Intentional.

28. Defendants' sales of infringing and counterfeit "HP" products was done willfully, and with knowledge that Defendants were selling infringing and counterfeit "HP" products; alternatively, Defendants were willfully blind to the fact that they were selling these infringing and counterfeit products.

29. Among the evidence that demonstrates Defendants' knowledge of selling potentially dangerous counterfeit "HP"-branded laptop batteries, Defendants received notice of their counterfeit trafficking from counsel for HP on several occasions that the products they advertised and sold were not genuine, including letters that were delivered to Defendants on March 15, 2024, September 13, 2024, March 5, 2025, and March 31, 2025.

6070-29\7706678

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

30.     Defendant Ashkan Mallakpour acknowledged receipt of HP's correspondence via email from his Gmail email address (a.mallakpour@gmail.com) as early as March 22, 2024, as well as on several subsequent occasions.

31.     Upon information and belief, Defendants also caused additional counterfeit "HP"-branded products to be sold to other customers via their "Partssionik" eBay storefront after they were put on express notice of their sales of the Infringing Products.  Such post-notice sales are reflected by at least one review on the "Seller feedback" page of the "Partssionik" storefront, in which one purchaser of a "HP SR04XL battery for HP Omen 15 2018 15-dc0xxx 15-dc0000 15-dc1xxx 3KS71PA (#325432324364)" product left a review stating the following:



32.     The purchaser, whose information is obscured by eBay, left the review in or about June 2025, which is over a year after HP first notified Defendants of their counterfeit sales.  The review identifies the particular product SKU sold – an HP SR04XL battery for HP Omen laptop – and states that it stems from a "verified purchase."  The reviewer also indicated that the performance of the product is "terrible," and that the product received was missing certain indicia of genuine HP products.

33.     Defendants' knowledge of wrongful conduct is also evidenced by their use of an unrelated address on the return label of one of the Infringing Products. Plaintiffs allege, on information and belief, that Defendants' use of return addresses

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

that are wholly unrelated to their shipping location was done intentionally, and for the purpose of insulating their business operations from association with their illegal counterfeit trafficking.

34.    The Parties attempted to resolve the issues raised in the letters amicably but were unable to do so.  Upon information and belief, Defendants continue to offer for sale "HP"-branded laptop batteries and other related HP products from the same suspect sources that Defendants previously sourced the confirmed counterfeit products from.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. § 1114(1)(a))
### (On behalf of Both Plaintiffs and Against All Defendants)

35.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

36.    The HP Marks are valid, protectable trademarks that have been registered as marks on the principal register in the United States Patent and Trademark Office. The HP Marks are thus subject to federal trademark protection.

37.    HPDC is the exclusive licensee of the HP Marks.

38.    As described in more detail above, Defendants have used and counterfeited the HP Marks in connection with the marketing, promotion, and sale of their goods and services without HPDC's consent, in a manner that is likely to cause, and that has actually caused, confusion and/or mistake, or that has deceived members of the consuming public and/or the trade.  Defendants do not otherwise possess any right to use the HP Marks in connection with the marketing, promotion, and sale of goods or services.

39.    Defendants' counterfeiting and infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin, sponsorship, and quality of

6070-29\7706678

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Defendants' infringing products, counterfeit packaging, inferior warranty, and other related commercial activities.

40. Defendants' infringement of the HP Marks is willful. Among other things, HP made Defendants aware, as early as March 14, 2024, that they were selling counterfeit "HP"-branded products. Subsequent to the initial notice, Defendants sold at two further counterfeit "HP"-branded products, and, upon information and belief, a third counterfeit "HP"-branded product to a consumer.

41. Plaintiffs have been, and continue to be, damaged by Defendants' infringement, including by suffering irreparable harm through the diminution of trust and goodwill among HP consumers and members of the general consuming public and the trade.

42. As a result of Defendants' infringement of the HP Marks, Plaintiffs are entitled to an injunction, as set forth below, and an order of destruction of all of Defendants' infringing materials.

43. Plaintiffs are also entitled to all monetary relief and other remedies available under the Lanham Act, including but not limited to disgorgement of Defendants' profits, actual damages, treble damages, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**SECOND CLAIM FOR RELIEF**
**Federal Trademark Dilution**
**(15 U.S.C. § 1125)**
**(On behalf of Both Plaintiffs and Against All Defendants)**

44. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

45. Defendants' use and counterfeiting of the HP Marks to identify products with inferior quality and warranties, as alleged further above, has caused significant harm to HP's brand and reputation.

46. Defendants' acts have diluted and will continue to dilute the distinctive nature of the HP Marks through blurring and tarnishment, in violation of 15 U.S.C. § 1125(c).

47. The distinctive nature and reputation of the HP Marks is extremely valuable, and HPDC is suffering and will continue to suffer irreparable harm, blurring, and tarnishment of the HP Marks if Defendants' wrongful conduct is allowed to continue.

48. The dilution of the HP Marks will likely continue unless the Court orders injunctive relief against Defendants.

49. HPDC is entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to trebled damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

<u>**THIRD CLAIM FOR RELIEF**</u>
**Federal Unfair Competition/False Advertising**
**(15 U.S.C. § 1125)**
**(On behalf of Both Plaintiffs and Against All Defendants)**

50. Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

51. The HP Marks are valid, protectable trademarks that have been registered as marks on the principal register in the United States Patent and Trademark Office.

52. HPDC is the owner and registrant of the HP Marks.

53. HPDC and HP operate under and use the trade name "HP" in connection with HP's products and services.

54. Defendants have made commercial use of and counterfeited the HP Marks and HP's trade name.

55. Defendants' counterfeiting and infringing activities, and related false descriptions and representations as to origin, quality of their product sales,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

certification of the safety and/or compatibility of the products, are likely to cause, and are actually causing, confusion, mistake, and/or deception among members of the consuming public and members of the trade.  These members of the consuming public and members of the trade have been, and will continue to be, misled into believing that there is an affiliation, connection, or association between Plaintiffs and Defendants, and/or have been, or will be, misled as to the origin, sponsorship, quality control, certification, or approval of Defendants' inferior non-genuine batteries.

56.    HPDC has not consented to Defendants' use of the HP Marks or trade name.

57.    Defendants' unauthorized use of the HP Marks and HP trade name was willful.

58.    Defendants' acts constitute false statements in connection with products and/or services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.    Defendants' acts have caused and are continuing to cause irreparable injury to Plaintiffs' brand, goodwill, and reputation.

60.    Plaintiffs are entitled to an injunction against Defendants, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to trebled damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest, and/or statutory damages.

**FOURTH CLAIM FOR RELIEF**
**California Unfair Business Practices**
**(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(On behalf of Both Plaintiffs and Against All Defendants)**

61.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

62.    California Business and Professions Code §§ 17200 *et seq.* prohibits acts of unfair or unlawful business practices, which includes unfair competition.

63.    Defendants have knowingly, willfully, and unlawfully infringed the HP Marks, including through the sale of counterfeit, non-genuine HP battery products in violation of the Lanham Act, 15 U.S.C. § 1114.  By this conduct, Defendants also engaged in unfair competition by depriving Plaintiffs of sales through Defendants' trafficking in cheaper counterfeit battery products that were misrepresented by Defendants to be genuine.

64.    As a direct, proximate, and foreseeable result of Defendants' sales of infringing and counterfeit battery parts, Plaintiffs have further been deprived of lost revenue and payments, and has therefore sustained injury in fact, from the diverted sales of at least the confirmed counterfeit products that Defendants sold to investigators working on behalf of HP, and the individual verified purchaser of the suspected counterfeit product on eBay around June 2025.

65.    Defendants' conduct and practices were unlawful, and constitute unfair competition as defined by Cal. Bus. & Prof. C. §§ 17200 *et seq*.  Defendants' misconduct was unlawful because, as described herein, their misconduct constitutes violations of numerous state and federal statutes, including but not limited to Cal. Penal Code §350 (making it a crime to sell counterfeit marks or goods possessing counterfeit marks), Cal. Bus. Prof. Code § 17500, and the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125. Defendants' actions, described herein, significantly threatened and/or harmed competition through infringement, counterfeiting, and false advertising.

66.    As a direct and proximate result of Defendants unlawful and unfair business practices, Plaintiffs have lost money and property, and have suffered irreparable injury to their brand, business reputation, and goodwill.  As such, Plaintiffs' remedy at law is not adequate to compensate for the injuries inflicted by Defendants.  Accordingly, Plaintiffs are entitled to temporary, preliminary, and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

permanent injunctive relief against Defendants, in addition to damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
#### Unjust Enrichment (Common Law)
#### (On behalf of Both Plaintiffs and Against All Defendants)

67.    Plaintiffs incorporate the preceding paragraphs of this Complaint as if fully set forth herein.

68.    Defendants unjustly received benefits at the expense of Plaintiffs through their wrongful conduct, as alleged further above.  Defendants continue to unjustly retain these benefits at the expense of Plaintiffs.  The unjust receipt of the benefits obtained by Defendants lacks any adequate legal basis and thus cannot conscientiously be retained by them.  Therefore, the circumstances of the receipt and retention of such benefits are such that, as between Plaintiffs and Defendants, it is unjust for Defendants to retain any such benefits.

69.    Plaintiffs are therefore entitled to full restitution of all amounts and/or other benefits in which Defendants have been unjustly enriched at Plaintiffs' expense, in an amount to be proven at trial.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment as follows:

1.    That each Defendant directly infringed, diluted and counterfeited the HP Marks, and engaged in unfair competition through use of their counterfeit and/or infringing marks;

2.    That each Defendant's trademark infringement, counterfeiting, dilution and unfair competition were knowing and willful and committed with bad faith and intent to deceive, and that this case is exceptional under 15 U.S.C. § 1117(a);

3.    That the Court enter an order enjoining and restraining each Defendant, and all persons or entities acting as agents of, or in concert with each Defendant,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

during the pendency of this action and thereafter perpetually, from infringing, counterfeiting, or diluting the HP Marks in any way, including but not limited to the sale of counterfeit "HP" branded products in the Defendant's inventory;

4.    That the Court enter an order impounding and delivering to HP for ultimate destruction all infringing and/or counterfeit "HP" branded products, packaging, accessories, or other collateral in each Defendant's possession, custody, or control, as well as any and all transactional documents received from the source of any identified counterfeit "HP" branded products;

5.    That the Court enter an order directing each Defendant to send a notice to every customer who purchased an infringing or counterfeit "HP" branded product from any Defendant, informing the customer that the sale of the product violated federal trademark and counterfeiting laws, and that the selling Defendant will refund the money paid by the consumer immediately upon request and return of the product, with any such product returns to be delivered directly to Plaintiffs or their counsel for ultimate destruction at Defendants' expense;

6.    That the Court enter an order requiring each Defendant to account to and pay Plaintiffs for all profits and damages resulting from Defendants' infringement, counterfeiting activities and unfair competition;

7.    That Plaintiffs be awarded statutory damages to the fullest extent available under the law;

8.    That Plaintiffs be awarded full restitution;

9.    That Plaintiffs be awarded treble damages to the fullest extent available under the law;

10.    That Plaintiffs be awarded costs of prosecuting their claims;

11.    That Plaintiffs be awarded prejudgment interest, to the fullest extent allowed by law;

12.    That Plaintiffs be awarded post-judgment interest;

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

13. That Plaintiffs be awarded their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and as otherwise authorized by statute or rule;

14. That Plaintiffs be awarded further injunctive and provisional remedies, as appropriate; and

15. That Plaintiffs be granted such further relief as the Court deems just and proper.

DATED: March 18, 2026      SIDEMAN & BANCROFT LLP


By: _____/s/ *Michael H. Hewitt*_____
       Michael H. Hewitt
       Attorneys for HP Inc. and
       Hewlett-Packard Development Company, L.P.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711